UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL FIDELITY INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>    v.<br><br>QUANTA SPECIALTY LINES INSURANCE COMPANY; BELLA VISTA ESTATES; LAUREL TREE HOMES, INC.; DAVID DYCK; LAMBETH CONSTRUCTION OF CALIFORNIA, INC.; LAMBETH CONSTRUCTION, INC.; RENE DIAZ; MONICA DIAZ; DAVID BELTRAN; ALMA BELTRAN; QUANTA INDEMNITY COMPANY; LAMBETH CONSTRUCTION, LLC; NORMA AGUILAR; JESSE AGUILAR; TONY ADAYAN, JR.; JOSEPH TORRES; BRENDA TORRES; RICARDO ZARAGOZA; MARIA ZARAGOZA; JOSE LUIS ZEPEDA; ISIAS PACHECO; MARGARITA PAULINO; RICARDO BUSTOS TAPIA; ANDRES TORRES; GABRIEL TOVAR; MARIA ZONIA TOVAR; FRANCISCO VARGAS; PAULINO VAZQUEZ; ROBERTO VARGAS; LORIANE ZAMORA; NORMA ZUNIGA; GABRIEL TAMEZ; JESUS M. VILLAGRANA; ARACELI VILLAGRANA; JOSE ZUL,<br><br>              Defendants.<br><br>AND RELATED CROSS-CLAIMS AND COUNTER-CLAIMS. | No.  1:14-cv-01325-JAM-GSA<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR LEAVE TO AMEND** |

1

Currently before the Court are two motions.[1]  The first is brought by Defendant and Cross-Defendant Bella Vista Estates ("Bella Vista") (Doc. #88) seeking leave to file amended pleadings.  The second is brought by Defendant and Cross-Defendant Laurel Tree Homes, Inc. ("Laurel Tree") (Doc. #89) also seeking leave to file an amended pleading.  Defendant, Counter-Claimant, and Cross-Claimant Quanta Indemnity Company ("Quanta") and Plaintiff and Counter-Defendant General Fidelity Insurance Company ("Fidelity") each filed separate oppositions (Doc. #90, 91, respectively).  Bella Vista and Laurel Tree filed a joint Reply (Doc. #95).

## I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This matter is an insurance coverage action in which Fidelity and Quanta are seeking a judicial determination that they have no defense or indemnity obligations under their respective commercial general liability insurance policies (in which Bella Vista and Laurel Tree are named) in connection with two underlying state actions.  The first action was entitled <u>Ruben Betancourt, et al. v. Bella Vista Estates, et al.</u> ("the Betancourt action"), and the second was entitled <u>Rene Diaz, et al. v. Bella Vista Estates, et al.</u> ("the Diaz Action").  Both of these suits were filed in Fresno County Superior Court by homeowners for alleged construction defects.  Bella Vista and Laurel Tree were named as defendants in each action.

---

[1] The motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 19, 2015.

Fidelity initiated this action in August 2014 (Doc. #1) and filed the First Amended Complaint ("FAC") (Doc. #17) on October 7, 2014. Quanta filed an answer, a cross-claim against Bella Vista and Laurel Tree (among others) and a counter-claim against Fidelity (Doc. #29). Bella Vista and Laurel Tree filed a joint answer (Doc. #36) to the FAC and a joint answer (Doc. #37) to Quanta's cross-claim through their original counsel, Jeffrey Wall. According to Bella Vista and Laurel Tree, they retained West Corzine, LLP and Ian Corzine to associate in as co-counsel for them on January 9, 2015. Bella Vista MTA at p. 5; Laurel Tree MTA at p. 5.

On February 27, 2015, the parties filed a Joint Scheduling Report (Doc. #84). In it, Bella Vista and Laurel Tree indicated they expected to amend their answers and to file cross/counter claims against the other parties. The Court issued a Pretrial Scheduling Order (Doc. #85) on March 3, 2015, indicating there would be no further amendments to pleadings "except with leave of court, good cause having been shown."

The current motions were filed on May 29, 2015.

## II.   OPINION

### A.   Legal Standard

Bella Vista and Laurel Tree (collectively "the Moving Parties") seek leave to amend their pleadings. In both motions, the Moving Parties rely on the standard set out in Federal Rule of Civil Procedure 15(a)(2), which provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

3

justice so requires."  However, the Court has already issued a pretrial scheduling order in this matter in accordance with Federal Rule of Civil Procedure 16(b)(1).

> Although "Rule 15(a) liberally allows for amendments to pleadings," Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000), that policy does not apply after a district court has issued "a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired." Id. Rather, under those circumstances, parties seeking to amend their [pleadings] "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." Id. (citing Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 608–09 (9th Cir. 1992)); see also Aliota v. Town of Lisbon, 651 F.3d 715, 719-20 (7th Cir. 2011) (identifying the majority of circuit courts that "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied."). "This standard 'primarily considers the diligence of the party seeking the amendment.'" Id. (quoting Johnson, 975 F.2d at 609).

Robert Half Int'l Inc. v. Ainsworth, No. 14CV2481-WQH DHB, 2015 WL 4662429, at *15 (S.D. Cal. 2015).  Accordingly, the Court will apply the standards established by Federal Rule of Civil Procedure 16(b)(4).

    B.   Discussion

    Bella Vista seeks to file a First Amended Answer in response to the FAC, including a counterclaim against Fidelity, a cross-claim against Quanta and a third-party complaint against North American Capacity Insurance Company, Financial Pacific Insurance Company, and American Safety Indemnity Company (the latter three collectively "proposed Third-Party Defendants") (Exhibit F to Ian Corzine Declaration, Doc. #88-1), alleging the following causes of action: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Breach of Contract; (3) Declaratory Relief; (4) Equitable Indemnity; and, (5) Contribution and Apportionment

of Fault. It also seeks to file a First Amended Answer (Exh. G to Corzine Decl., Doc. #88-1) in response to Quanta's cross-claim.

Laurel Tree seeks leave to amend its answer to the FAC and its answer to Quanta's cross-claim. Laurel Tree MTA at p. 4; Exh. H and I (respectively) to Corzine Decl. (Doc. #89-1).

The Moving Parties contend they have good cause for these proposed amendments and request the Court grant them leave. Bella MTA at p. 4; Laurel Tree MTA at pp. 6-7. Bella Vista argues it did not discover the basis for the proposed claims until after new counsel, Ian Corzine of West Corzine, LLP, associated in as co-counsel. In addition, new counsel for both Bella Vista and Laurel Tree determined that the previous answers to Fidelity's and Quanta's claims were "insufficiently specific."

In its Opposition, Fidelity contends the Moving Parties have not established good cause for allowing amendment and the addition of parties at this late date. Fidelity Opp. at pp. 10-11. Fidelity points to the sparse explanation provided in both motions as to why good cause exists to support amendment of pleadings at this late date or why the Moving Parties could not determine they had viable claims at an earlier date, specifically contending that "Bella Vista and Laurel Tree [have] not raised a single fact or circumstances that [they] did not know or was not knowable with diligence before the date agreed to by the parties to amend the pleadings." Id. at p. 15.

In its separate Opposition, Quanta also challenges Bella Vista's contention that good cause has been shown to allow amendment to the pleadings. Quanta Opp. at pp. 10-11.

1    The Court agrees that the moving parties too casually gloss
2 over their burden to establish that the pretrial schedule could
3 not reasonably be met despite their *diligence*.  See Zivkovic v.
4 S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)
5 (quoting Johnson, at 609.).  In its motion, Bella Vista
6 specifically contends:  "Good cause underlying this motion is
7 Bella Vista's confirmation that its carriers . . . have
8 wrongfully refused to defend it in the ongoing construction
9 defect actions despite the fact that a potential for coverage
10 existed for each of the insurers' policies."  Bella Vista MTA at
11 p. 7.  For its motion, Laurel Tree contends:  "Good cause
12 underlying this motion is counsel's determination that the
13 previously-filed answers were insufficiently specific and failed
14 to include necessary affirmative defenses."  Laurel Tree MTA at
15 p. 7.  Neither of these assertions provides any explanation for
16 why Bella Vista and Laurel Tree could not have made these
17 amendments months ago.  They simply assert in a conclusory
18 fashion that good cause exists because they believe they have
19 viable claims and the Court should therefore grant their motions.
20    It is clear from the Joint Scheduling Report that as early
21 as February the Moving Parties had the intention to amend the
22 parties' respective pleadings and to assert new claims on Bella
23 Vista's behalf.  JSR at p. 8.  They presented to the Court that
24 their counsel would move for leave to so amend within ten days.
25 JSR at p. 2.  However, it was not until 91 days later that the
26 current motions were filed and with little explanation for the
27 delay.  This does not support a finding of diligence.  See Sako
28 v. Wells Fargo Bank, Nat. Ass'n, No. 14CV1034-GPC JMA, 2015 WL

5022326, at *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16.").

The Moving Parties attempt to bolster their arguments in the joint Reply (Doc. #95). In it, they argue their representations in the Joint Scheduling Report did not guarantee a motion would be filed in ten days, but rather set forth their "reasonable expectation that such a request to amend would be forthcoming by [that deadline]." Reply at p. 4. The Moving Parties also argue their communications with the proposed Third-Party Defendants did not reveal the basis for new claims until, at the earliest, March 2015. They contend they were further delayed when they ran into difficulty obtaining the consent of the other parties to amend. The Court is not persuaded by these arguments and as pointed out by Fidelity in its Opposition, the Court's Scheduling Order precluded amendments "without leave of court."

This case was initiated over a year ago. The Moving Parties' initial answers to the FAC and Quanta's cross-claim were filed over five months before these motions were filed. The Diaz action was filed over 20 months ago, and the Betancourt action was filed over seven years ago. There are dozens of parties with a stake in the outcome of this litigation. The Court finds the Moving Parties have not established they were diligent in seeking to amend their pleadings -- amendments that would not only possibly delay the proceedings but introduce several new parties and various new claims at this late date. The Court hereby DENIES Bella Vista's and Laurel Tree's requests for leave pursuant to Federal Rule of Civil Procedure 16.

Because the Court so finds, it need not address Fidelity and Quanta's additional arguments regarding the futility and bad faith of Bella Vista's counterclaims, cross-claims, and third-party complaint.

## III.  ORDER

For the reasons set forth above, the Court DENIES Bella Vista's and Laurel Tree's Motions for Leave to File Amended Pleadings.

IT IS SO ORDERED.

Dated: September 22, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE