UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL FIDELITY INSURANCE COMPANY, a South Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUANTA INDEMNITY COMPANY, a Colorado corporation, as successor by merger with QUANTA SPECIALTY LINES INSURANCE COMPANY; BELLA VISTA ESTATES, a California Limited Partnership; LAUREL TREE HOMES, INC., a California corporation; DAVID DYCK, an individual; LAMBETH CONSTRUCTION OF CALIFORNIA, INC., a suspended California corporation; LAMBETH CONSTRUCTION, INC., a suspended California corporation; LAMBETH CONSTRUCTION INCORPORATED, a suspended Nevada corporation; LAMBETH CONSTRUCTION, LLC, an Arkansas limited liability company; RENE DIAZ and MONICA DIAZ, individuals; NORMA AGUILAR and JESSE AGUILAR, individuals; TONY ADAYAN, JR., an individual; HECTOR CERDA and SANDRA CERDA, individuals; MARISA CERROBLANCO, an individual; ABEL DELGADO and MARIA DELGADO, individuals; BEATRIZ FLORES and MANUEL GARCIA, individuals; JOSE GOMEZ SOLIS, an individual; JOSE GUILLEN | Case No.  1:14-CV-01325 JAM<br>[Assigned To The Hon. John A. Mendez]<br><br>[~~PROPOSED~~] *JAM* ORDER RE DISMISSAL OF DAVID DYCK WITHOUT PREJUDICE PURSUANT TO STIPULATION |

1

4850-179/[P]OreD-DYCK

CASE NO.: 1:14-CV-01325 JAM

[PROPOSED] ORDER RE DISMISSAL OF DAVID DYCK WITHOUT PREJUDICE PURSUANT TO STIP.

1. and NORMA GUILLEN, individuals; RAFAEL IGNACIO and BERTHA
2. ALICIA REYES, individuals; LANDY OROZCO and JOSE LEDESMA,
3. individuals; ALEJANDRO MAGANA and ESMIRNA ESTRADA, individuals;
4. GREGORIA MORALES, an individual; FERNANDO ORTIZ and PATRICIA
5. ORTIZ, individuals; JUAN PULIDO and MARIA PULIDO, individuals;
6. SEVERINO RODRIGUEZ and LEE ANN RODRIGUEZ, individuals;
7. RICHARD REYES, JR. and SAMUEL ROBLES, individuals; JORGE
8. SALINAS, an individual; ISMAEL SPINDOLA, FRANCES SPINDOLA and
9. CRYSTAL SPINDOLA, individuals; JOSEPH TORRES, an individual;
10. BRENDA VARGAS, an individual; RICARDO ZARAGOZA and MARIA
11. ZARAGOZA, individuals; JOSE LUIS ZEPEDA, an individual; ILLIANA
12. MARTINEZ, an individual; RUBEN BETANCOURT and ROSA
13. BETANCOURT, individuals; MANUEL ALVAREZ, BERTHA ALVAREZ and
14. SERGIO ALVAREZ, individuals; JOSE DANIEL AVALOS, an individual;
15. RAMON BARRAGAN and AMPARO BARRAGAN, individuals; DAVID
16. BELTRAN and ALMA BELTRAN, individuals; DEMETRIA CARDENAS
17. and OSBALDO CARDENAS, individuals; JAVIER CAVAZOS, an
18. individual; JUAN JOSE CHAVEZ, an individual; ARTURO CISNEROS, an
19. individual; JOSE CORTEZ and MARICELA CORTEZ, individuals;
20. CARLOS CUEVAS and JERONIMA CUEVAS, individuals; NORBERTO
21. DIAZ, JR. and LORENA DIAZ, individuals; SALVADOR GALLARDO,
22. an individual; EDWARD GALLEGOS and VERONICA GALLEGOS;
23. individuals; IVAN SERGIO GARIBAY and ESPERANZA GARIBAY;
24. individuals; NELSON GARIBAY and LUCILA GARCIA, individuals; SERGIO
25. GARIBAY and YOLANDA GARIBAY, individuals; WALLY GONZALES and
26. ELENA GONZALES, individuals; JUAN GONZALEZ and GINA GONZALEZ,
27. individuals; JULIAN GUTIERREZ and MARIA GUTIERREZ, individuals;
28. SALVADOR HERNANDEZ, an individual; SANDRA IBARRA, an

2

4850-179/[P]OreD-DYCK
[PROPOSED] ORDER RE DISMISSAL OF DAVID DYCK WITHOUT PREJUDICE PURSUANT TO STIP.
CASE NO.: 1:14-CV-01325 JAM

individual; CARLOS IGLESIAS and MONICA IGLESIAS, individuals; MARIA INIGUEZ, an individual; GERARDO LOPEZ and JULIA LOPEZ, individuals; RODOLFO MALDONADO and ROSALBA MALDONADO, individuals; JOSE MERAZ and DOMINGO GONZALEZ, individuals; JIMMY MORENO and MARIA MORENO, individuals; JOVITA MUNOZ and NICOLAS MORALES, individuals; MIGUEL MURILLO and SUSANA GUZMAN, individuals; ISIAS PACHECO and THERESA PENALOZA, individuals; JAVIER PAULINO and MARGARITA PAULINO, individuals; MOISES PEREZ and MONICA PEREZ, individuals; MARIA RAMIREZ, an individual; LETICIA REYNA, an individual; ZEFERINO REYNA, an individual; ROBERT ROBLES and JULIANA ROBLES, individuals; JOSE GUADALUPE ROSILES and PATRICIA BAUTISTA CEJA, individuals; ISRAEL RUBALCAVA, an individual; ARMANDO SANCHEZ and ELEANOR LOPEZ, individuals; ERNESTO SANCHEZ and TERESA SANCHEZ, individuals; JOSE SANCHEZ, an individual; JUAN CARLOS SANCHEZ, an individual; PETER SANCHEZ and VERONICA MARTINEZ SANCHEZ, individuals; MARIA SERRANO, an individual; GURVINDER SINGH and JAGDEEP KAUR, individuals; RICARDO BUSTOS TAPIA, an individual; ANDRES TORRES, an individual; GABRIEL TOVAR and MARIA ZONIA TOVAR, individuals; FRANCISCO VARGAS and MARIA ALVA, individuals; PAULINO VAZQUEZ and ROBERTO VARGAS, individuals; LORIANE ZAMORA and ROBERT JUAREZ, individuals; NORMA ZUNIGA, an individual; LUIS MUNOZ ALANIS and MARIA CONSUELA MUNOZ, individuals; PABLO CASTRO, an individual; GUSTAVO ESPINOZA, an individual; MARIO GARCIA and SALLY GARCIA, individuals; THOMAS F. GHEEN and JULA A. GHEEN, individuals; OSCAR INIGUEZ and MARSHY INIGUEZ, individuals; ROBERT L. LEIJA and GUADALUPE G. LEIJA, individuals; HUMBERTO LOZANO and MARYVEL

| | |
|---|---|
| 1 | LOZANO, individuals; MARTIN MARES and SULEMA QUINTANILLA- |
| 2 | MARES, individuals; STEVEN PADILLA and LENORA E. PADILLA, |
| 3 | individuals; DANIEL A. RODRIGUEZ and FRIEDA RODRIGUEZ, individuals; |
| 4 | LORENZO SALAZAR, ERNESTINA C. SALAZAR, ADRIAN SALAZAR and |
| 5 | MARIA ELENA SALAZAR, individuals; JUAN G. SANTOS and FRIDA |
| 6 | SANTOS, individuals; DANIEL TAMEZ, an individual; GABRIEL TAMEZ and |
| 7 | DESIREE D. TAMEZ, individuals; JESUS M. VILLAGRANA and |
| 8 | ARACELI VILLAGRANA, individuals; and JOSE ZUL, an individual. |
| 9 | |
| 10 | Defendants. |

11  This matter is before the Court on the STIPULATION RE: DISMISSAL OF
12  DAVID DYCK WITHOUT PREJUDICE (hereinafter, "Stipulation") entered into and
13  executed by Plaintiff GENERAL FIDELITY INSURANCE COMPANY (hereinafter,
14  "GFIC") and DAVID DYCK (as more fully identified in the Stipulation and below)
15  entered into on April 20, 2016. Said Stipulation was filed in this Action on April 25,
16  2014 [Document 134].

17  DYCK is a Defendant named in GFIC's First Amended Complaint for
18  Declaratory Relief, which was filed in this Action on October 17, 2014 [Docket
19  Number 17], and a Defendant in the underlying Diaz construction defect action.

20  Pursuant to the terms of the Stipulation, and for good cause shown,

21  **IT IS HEREBY ORDERED** that Defendant DAVID DYCK is dismissed as a
22  Defendant in this Action, without prejudice, subject to the right of Plaintiff GFIC to
23  re-file or renew its claims against DAVID DYCK which are the subject of this Action
24  (hereinafter, the "DISMISSED DEFENDANT").

25  **IT IS FURTHER ORDERED** that Defendant DAVID DYCK shall be bound
26  by all orders, findings, conclusions, determinations, decrees, stipulations, judgments,
27  settlements and/or agreements made or entered into between the parties to this Action
28  ///

4

4850-179/[P]OreD-DYCK                                                    CASE NO.: 1:14-CV-01325 JAM
[PROPOSED] ORDER RE DISMISSAL OF DAVID DYCK WITHOUT PREJUDICE PURSUANT TO STIP.

1 the same manner and to the same extent as if the Defendant DAVID DYCK had been
2 a party to this Action and/or party to any settlement agreement.

3 **IT IS FURTHER ORDERED** that Plaintiff GFIC and the Defendant DAVID DYCK shall bear their own costs and attorneys' fees in connection with the dismissal without prejudice.

6 **IT IS FURTHER ORDERED** that all statute of limitations, statutes regarding prosecution of claims or time within which a trial must be held or judgment must be entered, and all defenses based upon delay and prosecution (collectively "Statute of Limitations") with respect to the claims of Plaintiff GFIC against the Defendant DAVID DYCK provided for by law, equity or judicial decision shall be tolled as provided herein. In the event that Plaintiff re-files or renews any claims in connection with this Action in the future against Defendant DAVID DYCK, the period from August 25, 2014, up to and including the date of re-filing or renewal of such an action, shall not be included for purposes of computing the applicable time periods for Statute of Limitations, and shall not in any way serve to extend any Statutes of Limitations that had already run as of and including August 25, 2014.

17 This **ORDER** does not pertain to any parties in this Action, other than Plaintiff GFIC and Defendant DAVID DYCK, all of which remain parties to this Action, with the exception of Defendant DAVID DYCK.

21 DATED:   April 26, 2016

_____
The Honorable James A. Mendez
United States District Court Judge